## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**<u>Deepak Gupta</u>**

   v.

**<u>Christopher Brackett,</u>**
**<u>Superintendent, Strafford County</u>**
**<u>Department of Corrections, et al.</u>**

Case No. 1:26-cv-207-PB-TSM
Opinion No. 2026 DNH 078

### <u>MEMORANDUM AND ORDER</u>

Deepak Gupta, the petitioner in this habeas corpus case, challenges an immigration judge's refusal to release him on bond pending the conclusion of his removal proceedings. For the reasons described in this Memorandum and Order, I deny Gupta's request for a new bond hearing because I lack the power to grant him the relief he seeks.

### I.  <u>BACKGROUND</u>

Gupta, an Indian national, entered the United States without inspection in July 2023. Doc. 1 at 4. In February 2026, Gupta allegedly called 911 to "report suspected drug activity" at his place of work. Doc. 14-2 at 5. When the police arrived, they asked Gupta to produce his immigration papers, arrested him, and later transferred him to civil immigration custody at the Strafford County Department of Corrections in Dover, New Hampshire. Doc. 1 at 4. Gupta was never charged in connection with the drug

activity the police discovered at his place of work. Doc. 14-2 at 4-5. Since

Gupta's arrest, he has remained in federal custody. See Doc. 1 at 4.

In March, 2026, Gupta filed a habeas corpus petition in this court

seeking an order compelling the government to provide him with a bond

hearing before an immigration judge ("IJ"). Id. I granted his request, and he

received a bond hearing on April 7, 2026. Doc. 8 at 1.

Gupta was represented by counsel at the bond hearing. To support his

request for release on bond, Gupta submitted tax returns, payroll records,

and several affidavits. See Doc. 14-1. Among the affidavits was an unsigned

"Affidavit of Support and Bond Sponsorship" in which the affiant states that

he is "willing and able to post the immigration bond on behalf of Mr. Deepak

Gupta." Id. at 56. Gupta also submitted letters affirming his moral character

and an affidavit from his employer. Id. at 58-65.

The government did not claim that Gupta was a danger to the

community during the bond hearing. Doc. 14-2 at 4-5. Instead, it argued that

Gupta should be detained because he is a flight risk. Id. To support its

contention, the government emphasized that Gupta entered the United

States for the first time in 2023; he failed to appear in May 2025 for an ICE

check-in; and, although he timely filed for asylum, any relief pursuant to that

application remained "speculative." Id. at 4. In response, Gupta argued that

his missed check-in does not make him a flight risk because there is no

2

evidence he "willfully" failed to appear as required; he had remained in the community and maintained employment for a significant period of time; he has a cousin for whom he worked; and he was "willing to comply with any conditions that the court imposes." Id. at 5.

After weighing the evidence, the IJ denied Gupta's request for release on bond. Id. at 6-7. Although she was not persuaded that Gupta had been "involved in" the drug activity discovered at his place of work, she determined that he should be detained because he "has been shown to be a flight risk by a preponderance of evidence that no amount of bond and no conditions of release or alternatives to detention can ameliorate." Id.; Doc. 8-1 at 2.

After the government notified the Court of Gupta's bond hearing, I issued an order requiring him to show cause why his petition should not be dismissed. Doc. 9 at 1. Gupta responded by objecting to dismissal and claiming that the IJ's bond ruling was fatally flawed both because the record contains insufficient evidence to support her flight-risk determination and because she failed to properly consider alternatives to detention before refusing to release him. Doc. 14.

## II.  STANDARD OF REVIEW

The Court's power to review claims that a person is being held in immigration custody in violation of the Constitution or other federal law is limited by 8 U.S.C. § 1226(e). That provision states:

3

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Although § 1226(e) strips the Court of the power to review an IJ's discretionary decision to detain a person subject to removal proceedings, it does not restrict the Court's authority to review claims that the person is being detained in violation of his constitutional rights. Lopez Flores v. Brackett, 2026 DNH 049, 2026 WL 1179959, at *2 (D.N.H. Apr. 30, 2026); Ribero-Almeida v. FCI Berlin, Warden, 2025 DNH 139, 811 F. Supp. 3d 245, 248 (D.N.H. 2025); Mayancela Mayancela v. FCI Berlin, Warden, 2025 DNH 135, 2025 WL 3215638, at *4 (D.N.H. Nov. 18, 2025). Nor does it bar judicial review of other questions of law that are embedded in a detention determination. Martinez v. Clark, 124 F.4th 775, 782 (9th Cir. 2024).

Claims that an alien either presents an unacceptable danger to the community or is a flight risk involve mixed questions of law and fact that are subject to judicial review notwithstanding § 1226(e). Id. at 783 (dangerousness); Miri v. Bondi, 2026 WL 622302, at *5 (C.D. Cal. Mar. 5, 2026) (flight risk). When reviewing such claims, however, the court is not free to second-guess an IJ's discretionary decisions. Instead, if the IJ properly allocates the burden of proof and correctly resolves any pure issues of law that bear upon her decision, her conclusion that an alien poses either a

danger to the community or an unacceptable risk of flight cannot be overturned as long as it is supported by substantial evidence. Mayancela v. Bondi, 136 F.4th 1, 10 (1st Cir. 2025) (applying substantial evidence standard to asylum, withholding of removal, and Convention Against Torture claims). Under this standard, an IJ's decision can be overturned "only if the record is such as to compel a reasonable factfinder to reach a contrary determination." Id.[1] Cf. Martinez, 124 F.4th at 784 (reviewing dangerousness determination for "abuse of discretion"); Gonzalez v. Bondi, 137 F.4th 996, 1005 (9th Cir. 2025) (noting that there is "little practical difference" between the two standards).

In addition to being grounded in substantial evidence, an IJ's bond determination must be reasoned and sufficiently explained. To satisfy this requirement, however, an IJ "need not discuss ad nauseum every piece of evidence as long as she has given reasoned consideration to the evidence as a whole, made supportable findings, and adequately explained her reasoning."

---

[1] Although the First Circuit has not determined that bond hearing determinations are reviewable for a lack of substantial evidence, its use of that standard when considering challenges to other immigration decisions that present mixed questions of law and fact suggests that it should apply here as well. It also follows that when an IJ refuses to release a person at a bond hearing without substantial evidence to support her decision, her decision is not immune from review under § 1226(e), as an IJ lacks discretion to deny a request for release where no rational IJ could do so given the evidence presented.

Bazile v. Garland, 76 F.4th 5, 16 (1st Cir. 2023) (citation modified) (evaluating Convention Against Torture claim); see also Mayancela Mayancela, 2025 WL 3215638, at *6 (applying this standard to bond determinations).

### III.  ANALYSIS

Gupta argues that the IJ's bond determination is fatally flawed both because the record contains insufficient evidence to support her flight risk determination and because the IJ failed to consider alternatives to detention before deciding to detain him. I address each argument in turn.

1.     Risk of Flight

Gupta challenges the IJ's flight-risk determination on several grounds. First, he argues that the IJ erred in giving weight to his failure to appear for the May 2025 check-in because the government did not prove that his failure to appear was willful. This argument is a nonstarter. An IJ ordinarily can consider a recent unexplained failure to appear at a required check-in as evidence that a person is a flight risk. Here, although Gupta was represented by counsel at the bond hearing, he made no attempt to explain his failure to appear. Because removal proceedings are civil in nature, a petitioner may not remain silent when confronted with evidence that he missed a required check-in and then fault the government for failing to prove that his failure to appear was willful. See I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1043-04

(1984) ("There is no provision [in immigration law] which forbids drawing an adverse inference from the fact of standing mute."); Garcia-Aguilar v. Lynch, 806 F.3d 671, 676 (1st Cir. 2015). Accordingly, the IJ was entitled to consider Gupta's recent unexplained failure to appear for an ICE check-in when determining whether he was a flight risk.[2]

Gupta also attacks the IJ's determination that his ties to the community are limited. Although Gupta states that he has a cousin who lives in the United States, as well as friends and employment, the IJ could reasonably have concluded that his community ties were nevertheless limited because his parents remain in India, he does not have a spouse or children who live here, and he has only lived in the United States since 2023. See Doc. 14-2 at 6. Accordingly, the IJ did not abuse her discretion in determining that Gupta's community ties were limited.

Finally, Gupta faults the IJ for basing her flight-risk determination in part on her conclusion that his likelihood of success on his asylum application was "speculative." Id. The First Circuit has explained that while a removal

---

[2]    Gupta claims in a brief filed in this Court that he missed the check-in because he never received a notice to appear. Although Gupta was represented by counsel, he failed to present this explanation to the IJ, and he cannot challenge the IJ's ruling by citing to evidence that he did not present during the bond hearing. Lokombe v. Wesling, 2026 DNH 056, 2026 WL 1270814, at *3 (D.N.H. May 8, 2026).

defense can be "one of several factors potentially relevant to gauging whether a person is a flight risk pending the removal decision," relief pursuant to that defense is "necessarily tentative." Hernandez-Lara v. Lyons, 10 F.4th 19, 34 (1st Cir. 2021). Although Gupta's counsel explained during the bond hearing that Gupta had filed a timely request for asylum, he did not otherwise address the merits of Gupta's application. Doc. 14-2 at 5. Under these circumstances, the IJ did not err in treating Gupta's likelihood of success on his asylum claim as speculative.

As I have noted before, "[w]hile other courts might have concluded otherwise," Gupta's "mere disagreement with the IJ's reasonable alternative weighing of the evidence is insufficient to conclude that his bond hearing was constitutionally defective."[3] Lopez Flores, 2026 WL 1179959, at *4. Here, the record indicates that the IJ considered the evidence before her and applied the correct standard in evaluating whether Gupta was a danger to the community or flight risk. She first expressly found that Gupta was not a danger to the community, concluding that there was "insufficient evidence" to

---

[3]    "In this posture, my review is limited to the circumstances of [Gupta's] bond hearing specifically and whether they facially cast doubt on his detention's constitutionality." Lopez Flores, 2026 WL 1179959, at *4 n.2. To the extent that Gupta alleges a "systemic scheme to deny meaningful bond review," see Doc. 14 at 12, "that claim would require commensurate factual development not conducted in this individualized habeas proceeding." Lopez Flores, 2026 WL 1179959, at *4 n. 2.

show Gupta was involved in the drug activity discovered at his place of work. Doc. 14-2 at 6. She then weighed the evidence presented to her on Gupta's risk of flight and, based on his "relatively recent entry in the United States," "very limited ties to the community," and "failure to attend the ICE immigration check-in" of May 2025, concluded that the government had shown by a preponderance of evidence that Gupta was a flight risk. Id. Although I would have reached a different conclusion from this evidence, I cannot say that the IJ's decision was so lacking in evidentiary support that it is not entitled to deference.

2.    Alternatives to Detention

Gupta also alleges that the IJ's detention decision is flawed because she failed to consider alternatives to detention before denying him bond. In pressing this argument, Gupta focuses specifically on what he claims was the IJ's failure to address evidence in the record suggesting that Gupta had a sponsor who was prepared to post a bond on his behalf.

Gupta's argument fails to persuade because the record demonstrates that the IJ considered alternatives to detention when announcing her decision. See id. Although Gupta's counsel did not mention the unsigned bond affidavit during the hearing, the IJ obviously considered and rejected the possibility of releasing Gupta on bond as an alternative to detention because she explained when she ordered Gupta detained that "no amount of bond can

9

ameliorate the flight risk in this case." Id. Further, because Gupta did not ask the IJ to consider other alternatives to detention, she did not err in refusing to consider alternatives that Gupta did not raise.

## IV.  CONCLUSION

Because Gupta fails to show that his bond hearing violated his due process rights, his motion, Doc. 14, is denied. Furthermore, because his motion constituted his response to my prior order, Doc. 9, he has failed to show cause why his petition should not be dismissed. The clerk shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

June 16, 2026

cc:    Counsel of Record

10